IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     5:23-CR-139 (GTS) |
| | ) | |
| v. | ) | **Information** |
| | ) | |
| **CRAIG SPOFFORD,** | ) | Violation:   18 U.S.C. § 1014 |
| | ) |                    [Federal Crop Insurance Fraud] |
| | ) | |
| | ) | 3 Counts & Forfeiture Allegation |
| | ) | |
| **Defendant.** | ) | County of Offense:   Herkimer |

## THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### [Federal Crop Insurance Fraud]

Between on or about July 15, 2019, and October 14, 2019, in Herkimer County in the Northern District of New York, the defendant, **CRAIG SPOFFORD**, in a matter within the jurisdiction of the Risk Management Agency, an agency of the United States Department of Agriculture, did knowingly make a false statement and report for the purpose of influencing the action of the Federal Crop Insurance Corporation (FCIC) and the Rural Community Insurance Services (RCIS), a company that FCIC reinsures, in connection with the payment of crop insurance benefits, to wit: **CRAIG SPOFFORD** falsely certified on an Acreage Reporting Form submitted to RCIS that he had leased, and organically planted 88.35 acres of corn on three farms owned, controlled, and operated by J.S., knowing that he in fact did not lease and organically plant crops on this land during the time frame declared, in violation of 18 U.S.C. Section 1014.

### COUNT 2
### [Federal Crop Insurance Fraud]

Between on or about July 15, 2019, and October 14, 2019, in Herkimer County in the

Northern District of New York, the defendant, **CRAIG SPOFFORD**, in a matter within the jurisdiction of the Risk Management Agency, an agency of the United States Department of Agriculture, did knowingly make a false statement and report for the purpose of influencing the action of the Federal Crop Insurance Corporation (FCIC) and the Rural Community Insurance Services (RCIS), a company that FCIC reinsures, in connection with the payment of crop insurance benefits, to wit: **CRAIG SPOFFORD** falsely certified on an Acreage Reporting Form submitted to the Rural Community Insurance Services (RCIS) that he had leased, and organically planted 342.3 acres of corn on a farm owned, controlled, and operated by S.P., knowing that he in fact did not lease and organically plant crops on this land during the time frame declared, in violation of 18 U.S.C. Section 1014.

## COUNT 3
### [Federal Crop Insurance Fraud]

Between on or about July 13, 2020, and February 12, 2021, in Herkimer County in the Northern District of New York, the defendant, **CRAIG SPOFFORD** , in a matter within the jurisdiction of the Risk Management Agency, an agency of the United States Department of Agriculture, did knowingly make a false statement and report for the purpose of influencing the action of the Federal Crop Insurance Corporation (FCIC) and the Rural Community Insurance Services (RCIS), a company that FCIC reinsures, in connection with the payment of crop insurance benefits, to wit: **CRAIG SPOFFORD** falsely certified on an Acreage Reporting Form submitted to the Rural Community Insurance Services (RCIS) that he had leased, and organically planted 116.13 acres of corn on a farm owned, controlled, and operated by S.P., knowing that he in fact did not lease and organically plant crops on this land during the time frame declared, in violation of 18 U.S.C. Section 1014.

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Three of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1014, Federal Crop Insurance Fraud, the defendant, **CRAIG SPOFFORD**, shall forfeit to the United States of America any property constituting and derived from proceeds obtained directly and indirectly to said violation. The property to be forfeited includes, but is not limited to, the following:

  a. a Money Judgment in the amount of $179,051 in U.S. currency.

If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated: 5/31/23

CARLA B. FREEDMAN
United States Attorney

By: _____
Geoffrey J. L. Brown
Assistant United States Attorney
Bar Roll No. 513495